UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - ORLANDO DIVISION

RKC CONSTRUCTION, INC.,

    Plaintiff,

vs.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, THE TRAVELERS INDEMNITY
COMPANY and TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,

    Defendants.

Case No.: 6:10 CV 1098-ORL-35DAB

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

RKC Construction, Inc. sues Defendants, St. Paul Fire and Marine Insurance Company, Travelers Indemnity Company and Travelers Property Casualty Company of America and as grounds therefore, states:

1. This is an action arising out of breach of insurance contracts and for attorney's fees under section 627.428, Florida Statutes.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332 based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of legal fees and costs.

3. Venue is proper in this Court as all claims arose in the Middle District of Florida.

4. All conditions precedent to filing this action, including notice to Defendants of claims and demands for investigation, defense and reimbursement of investigation and defense costs, have occurred or been waived.

5. <u>Parties relevant to this action are as follows:</u>

-1-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

a. RKC Construction, Inc. (hereinafter "RKC"), is a Florida corporation and state certified general contracting company domiciled in Altamonte Springs, Seminole County, Florida.

b. Suitt-RKC I, LLC (hereinafter "the LLC,") non-party to this action, is a Florida limited liability company formed in January 2003, 25% of which is owned by its member, RKC and 75% by the LLC's managing member, Suitt Construction Company, Inc. n/k/a BE&K Building Group, LLC ("SUITT.")

c. St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"), is a Minnesota foreign corporation that is licensed to sell, and does sell or has sold, insurance in Florida, including insurance providing coverage to RKC.

d. Travelers Indemnity Company (hereinafter "Travelers,") is a Connecticut foreign corporation, that is licensed to sell, and does sell, insurance in Florida, including insurance providing coverage to RKC.

e. Travelers Property Casualty Company of America (hereinafter "Travelers Property,") is a Connecticut foreign corporation, that is licensed to sell, and does sell, insurance in Florida, including insurance providing coverage to RKC.

f. St. Paul and the Travelers Companies were merged in 2004. They are collectively referred to herein as "St. Paul Travelers."

6. <u>Pertinent occurrence-based insurance contracts are as follows:</u>

a. St. Paul issued policy of insurance no. KK06801048, a copy of which is attached as Exhibit "A."

-2-

b. The St. Paul policy was in effect from September 11, 2002 to September 11, 2005. See Ex. "A," p. 11 of 169.

c. The St. Paul policy includes a "*Completed Work Total Limit Extension Period*" endorsement specifically for the "*Parkcrest Harbour Island Project*," "*domiciled*" in Florida. The endorsement extends the policy and $4,000,000 in coverage for 3-years. See Ex. "A," pp. 149-151.

d. The Project is a "*Described Project Site*" for the purpose of coverage under the St. Paul policy. Ex. "A," pp. 145-147.

e. The LLC, a Florida limited liability company, is a "*First Named Insured*" under the St. Paul policy in relation to the Parkcrest at Harbour Island in Florida. Ex. "A," p. 16 of 169.

f. Pursuant to the St. Paul policy, partners, directors, officers or stockholders are insured "*while acting on behalf of an Insured;*" directors, officers and agents of a "*First Named Insured [are insureds] while acting within the scope of their duties or while acting on behalf of a Named Insured.*" Id.

g. The St. Paul policy includes a "CCIP" or "Contractor's Commercial Insurance Program," and expands the definition of a named insured as follows:

*This endorsement amends the insured named on your Introduction. The words you, your, and yours mean the insureds named here with respect to Suitt Construction Company Rolling Contractor Controlled Insurance Program, and further described by the Described Premises or Projects Limitation and Described Projects Endorsements:*

*Named Insureds:*
*A. Suitt Construction Company, its subsidiaries, associated and/or affiliated companies, successors, or assignees, as*

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

> *now exist or may hereafter be acquired or formed, and any corporation or other business organization which any of the Suitt Construction Company owns, operates or controls, including the interest as successor to any corporation or other business organization acquired, merged or transformed into any of the foregoing, and any trust, foundations, funds and welfare plans of any kind and other interest as are now or hereafter related to the insured but not specifically named.*
> B. *All Contractors and Subcontractors of any tier, who are approved to work at the Described Projects and for whom Suitt Construction Company has agreed by contract to provide coverage under the Rolling Contractor Controlled Insurance Program.*

Exhibit "A," p. 16 of 169.

h. Effective April 1, 2005, Travelers issued policy no. RTC2K-CO-5449B631-IND-05, attached as Exhibit "B."

i. Exhibit "B" provides Products-Completed Operations Hazard coverage to insureds under the CCIP for work completed before April 1, 2005. See Ex. B, p. 77 of 150.

j. Travelers' policy lists the LLC as a named insured and provides coverage for its members in regard to the LLC's business. See Ex. "B," p. 10 and 26 of 324.

k. Effective April 1, 2005, Travelers Property issued umbrella policy no. RTSMJ-CUP-5449B667-TIL-05, a copy of which is Exhibit "C" to this Complaint.

l. The LLC is a named insured under the Travelers Property policy; it also provides coverage to its members in respect to conduct of LLC business. Ex. "C," pp. 14 and 26 of 150.

m. Any insured as to an underlying policy of insurance is entitled to coverage under the umbrella policy. Ex. "C," p. 14 of 150.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

n. Travelers Property agreed to provide umbrella Products-Completed Operations Hazard coverage for projects subject to the CCIP that were completed before April 1, 2005. See Ex. "C," p. 31 of 150.

o. RKC is also an additional insured under Exhibits "A," "B," and "C" pursuant to (1) its enrollment in the CCIP, as shown on certificates of insurance, which with an email transmittal from SUITT are marked Exhibit "D," and (2) the terms of its Operating Agreement with SUITT, which is a part of Composite Exhibit "E."

p. Pursuant to Exhibit "E" and Exhibit "A," page 143 of 169, the St. Paul policy is primary.

q. Each of the policies provides for defense of indemnitees. See Ex. "A," p.106; Ex. "B," p. 26; Ex. "C," p. 9.

r. The foregoing policies are believed to be all St. Paul Travelers policies at issue. Copies were provided to RKC by the LLC and statutory demands for copies were ignored by Defendants.

7. <u>The Project and pertinent contracts are as follows</u>:

a. On or around October 11, 2002, RKC entered into 2-contracts for a parking garage and building with CKT-White Harbour Island, LLC, predecessor to Parkcrest Harbour Island, LLC ("the Developer.") The contracts, encompassed construction of a $35 million dollar, 8-story apartment building, pool and parking garage known as the "Parkcrest at Harbour Island" project in central Florida (the "Project.")

b. In 2003, RKC commenced foundation work at the Project.

c.  On May 22, 2003, the LLC assumed full responsibility for the RKC-Developer contracts and all work, including any work prior to the assignment of the construction contracts. See Composite Exhibit "E."

d.  The LLC completed the Project on or about February 9, 2005.

e.  RKC, Suitt Construction, Inc. and the LLC are each party to a tripartite indemnity agreement with the 3-Project sureties, one of which is RKC's indemnitee, National Fire Insurance Company of Hartford PA ("NFIC.") A copy is attached as Exhibit "F."[1]

f.  Pursuant to Exhibit "F," the LLC Operating Agreement, attached as part of Exhibit "E," and RKC's preexisting relationship with NFIC, RKC's indemnitee is NFIC.

8.  The underlying claims resulting in this lawsuit are as follows:

g.  In June 2006, St. Paul Travelers was informed of claims for property damage as the result of an occurrence at the Project.

h.  During 2006 and 2007, investigation of the claims was undertaken by the LLC, SUITT, and RKC, of which St. Paul Travelers had knowledge.

i.  RKC later learned St. Paul Travelers funded the pre-suit cost of defense and investigation on behalf of SUITT in accordance with coverage afforded by the St. Paul policy (Exhibit "A," pp. 94-95 of 169); however, the St. Paul Travelers policies failed to respond or investigate on behalf of RKC.

---

[1] Other sureties are Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company, indemnitees of SUITT.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

j. In April 2009, RKC was served with process in the case of Developer vs. RKC, NFIC, the LLC, SUITT and others, case no.: 09 02260, pending in Hillsborough County, Florida (referred to as the "Developer Suit.") A copy of the Amended Complaint (which was the first pleading served on RKC) and Second Amended Complaint subsequently filed (both without lengthy exhibits) are attached as Exhibits "G1" and "G2" respectively.

k. In Exhibit "G1," RKC is sued in Count V for alleged negligence as to work of the LLC and its subcontractors RKC is claimed to have "supervised and managed." See Exhibit "G1," p. 20.

l. Counts 43 and 44 include NFIC, RKC's indemnitee. Id., p. 84.

m. In Exhibit "G2," RKC is sued in Count VI for having allegedly negligently "supervised and managed" the work of the LLC and its subcontractors. See Exhibit "G2," pp. 24-25. It is also sued in Count VII for purported building code violations in the work of the LLC and its subcontractors. Id.

n. Counts 61 and 62 include RKC's indemnitee, NFIC. Id., p. 105.

o. The Developer Suit (Exhibits "G1" and "G2") contains allegations of property damage resulting from an occurrence as defined by the St. Paul Travelers policies, including claims not subject to any policy exclusion.

p. Exhibit "G1" was tendered to St. Paul Travelers for defense on behalf of RKC and its indemnitee, NFIC.

q. St. Paul Travelers failed to timely respond to the tender or the complaint marked as "G1." In a subsequent, tardy reservation of

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

rights letter, St. Paul Travelers maintained its defensive obligation had been met; specifically, on February 24, 2010, St. Paul Travelers stated "*Travelers will provide and is providing a defense of RKC by and through Travelers' defense of Suitt-RKC.*"

r. The complaint marked "G2" was also tendered; however, defense counsel has never been retained to represent RKC or its indemnitee, NFIC.

s. As conceded by defense counsel appearing on behalf of SUITT and the LLC, a conflict waiver would have been necessary for the law firm's representation of RKC.

t. Attached as Exhibit "H" is the suit by Parkcrest Harbour Condominium Association, Inc. against RKC, NFIC, SUITT, BE&K, the LLC and others, hereinafter the "Association Suit," filed in Hillsborough County in February 2010, of which RKC learned in late April 2010.

u. The Association Suit includes claims for violation of Chapter 558, Florida Statutes, negligence and breach of warranty against RKC based on its actions on behalf of the LLC in constructing the Project. See Exhibit "H," pp. 18-21.

v. The Association Suit includes allegations of property damage resulting from an occurrence not subject to exclusion, as defined by the St. Paul Travelers policies; it also names NFIC. Id. at pp. 72-75.

w.  The Association Suit was promptly tendered for defense on behalf of RKC and its indemnitee, NFIC. As of the date of the filing of this Complaint, no response has been received.

x.  As it relates to RKC, all of the claims reference work it performed on behalf of the LLC.

y.  St. Paul Travelers has rejected or ignored repeat demands for reimbursement of defense costs.

### COUNT I – BREACH OF CONTRACT AGAINST ST. PAUL

9. This is an action for breach of contract against St. Paul.

10. RKC incorporates the allegations set forth above in paragraphs 1-8, including subparts and incorporated Exhibits.

11. St. Paul issued a policy of general liability insurance which was required to respond in Florida in the event of a claim.

12. The subject policy of insurance expressly includes the Project, and notes its location in the state of Florida.

13. The CCIP insurance was delivered to RKC in Florida.

14. The St. Paul policy provides coverage for "property damage" due to an "occurrence" as described in the policy definitions.

15. The above-described claims and litigation each includes property damage caused by an occurrence during the St. Paul policy period.

16. The St. Paul policy provides coverage for the cost of investigation and defense of claims prior to litigation.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

17. RKC is an insured and protected person under the terms of the St. Paul policy and it has been sued based on its role in the LLC.

18. RKC is entitled to defense of its indemnitee, NFIC, under the terms of the St. Paul policy.

19. All claims were timely tendered to St. Paul.

20. As to RKC, St. Paul has consistently and continuously failed to act in good faith or with due regard for the interests of RKC, neglecting to investigate and subsequently to act to avoid default, including against RKC's indemnitee, NFIC, to which RKC has a common law and contractual indemnity obligation.

21. RKC was caused and forced to incur substantial investigation and defense costs. Further, the expense of defending multiple substantial and complicated proceedings continues to accrue based on the pending suits in litigation.

22. St. Paul belatedly acknowledged its obligation in 2010; however, it has completely failed to comport with its independent responsibility to RKC under the policy.

23. St. Paul's tardy claim that it has furnished a defense to RKC by virtue of its retention of defense counsel for the LLC and SUITT is a violation of its obligations under the policy and law.

24. St. Paul has also violated the policy in ignoring all requests for reimbursement by its insured, RKC, which expenses were a direct result of St. Paul's breach of the insurance contract.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

25. St. Paul's refusal to provide a defense is a breach of its insurance contract, as a result of which St. Paul has forfeited its right to defend RKC or its indemnitee, transferring the power to control the defense to RKC and entitling RKC to full reimbursement of all litigation costs, legal fees and the expense of undertaking its own investigation, in addition to interest on its substantial damages.

26. As a result of St. Paul's breach, RKC has suffered damages exceeding $75,000, exclusive of statutory interest, in addition to legal fees and costs incurred in pursuit of reimbursement.

27. Due to breaches by St. Paul, RKC was forced to retain the undersigned lawyers and incur legal fees and costs, for which St. Paul is liable.

WHEREFORE Plaintiff prays for damages, interest, attorney's fees under section 627.428, Florida Statutes, and costs against St. Paul.

### COUNT II - BREACH OF CONTRACT AGAINST TRAVELERS

28. This is an action for breach of contract against Travelers.

29. Paragraphs 1-8, including subparts and incorporated Exhibits are restated in this Count II.

30. Travelers issued a policy of general liability insurance which required performance in Florida in the event of a claim.

31. The subject policy of insurance expressly provides coverage for the Project, which was completed prior to April 1, 2005.

32. The Travelers policy provides coverage for "property damage" due to an "occurrence" as described in its definitions.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

33. The Travelers policy provides coverage for the cost of investigation and defense of claims.

34. The above-described claims each includes property damage caused by an occurrence during the Travelers policy period.

35. RKC is an insured under the terms of the Travelers policy and it has been sued based on its role in the LLC.

36. RKC is entitled to defense of its indemnitee, NFIC, under the terms of the Travelers policy.

37. All claims were timely tendered to Travelers.

38. As to RKC, Travelers has consistently and continuously failed to act in good faith or with due regard for the interests of RKC, neglecting to investigate and subsequently to act to avoid default, including against RKC's indemnitee, NFIC, to which RKC has a common law and contractual indemnity obligation.

39. RKC was caused and forced to incur substantial investigation and defense costs. Further, the expense of defending multiple substantial and complicated proceedings continues to accrue based on the pending suits in litigation.

40. Travelers belatedly acknowledged its obligation in 2010; however, it has completely failed to comport with its independent responsibility to RKC under the policy.

41. Travelers' tardy claim that it has furnished a defense to RKC by virtue of its retention of defense counsel for the LLC and SUITT is a violation of its obligations under the policy and law.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

42. Travelers has also violated the policy in ignoring all requests for reimbursement by its insured, RKC, which expenses were a direct result of St. Paul Travelers' breach of the insurance contract.

43. Travelers' refusal to provide defense is a breach of its insurance contract, as a result of which Travelers has forfeited its right to defend RKC or its indemnitee, transferring the power to control the defense to RKC and entitling RKC to full reimbursement of all litigation costs, legal fees and the expense of undertaking its own investigation, in addition to interest on these substantial amounts necessitated based on multiple significant and complicated claims.

44. As a result of Travelers' breach, RKC has suffered damages exceeding $75,000, exclusive of statutory interest, in addition to legal fees and costs incurred in pursuit of reimbursement.

45. Due to breaches by Travelers, RKC was forced to retain the undersigned lawyers and incur legal fees and costs, for which St. Paul Travelers is liable.

WHEREFORE Plaintiff prays for damages, interest, attorney's fees per section 627.428, Florida Statutes, and costs against Travelers.

### COUNT III - BREACH OF CONTRACT AGAINST TRAVELERS PROPERTY

46. This is an action for breach of the umbrella contract of insurance against Travelers Property.

47. Paragraphs 1-8, including subparts and Exhibits are incorporated in this Count III by reference.

-13-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

48. Based on the complete failure of St. Paul and/or Travelers to respond to the claims in litigation, Travelers Property's policy should have responded on behalf of RKC, an insured under the policy that faces and has faced claims arising from its role in the LLC.

49. Travelers Property has breached its insurance agreement in failing and refusing to investigate and defend covered claims.

50. As to RKC, Travelers Property has consistently and continuously failed to act in good faith or with due regard for the interests of RKC, neglecting to investigate and subsequently to act to avoid default, including against RKC's indemnitee, NFIC, to which RKC has a common law and contractual indemnity obligation.

51. Travelers Property has also refused demands for reimbursement of damages suffered by RKC in investigation and defense of claims for itself and its indemnitee, NFIC.

52. Travelers Property's refusal to provide a defense is a breach of its insurance contract, as a result of which it has forfeited the right to defend RKC or its indemnitee, transferring the power to control the defense to RKC and entitling RKC to full reimbursement of all litigation costs, legal fees and the expense of undertaking its own investigation, in addition to interest on its substantial damages.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

53.     As a result of breaches by Travelers Property, RKC has been and continues to suffer damages for which Travelers Property is liable.

54.     RKC was required to retain the services of undersigned counsel and Travelers Property is responsible for its legal fees.

WHEREFORE Plaintiff prays for damages, interest, attorney's fees under section 627.428, Florida Statutes, and costs against Travelers Property.

### DEMAND FOR JURY TRIAL

Plaintiff seeks trial by jury.

Dated this _23rd day of July 2010

*signature*

Rosemary Hanna Hayes
Florida Bar no. 549409
HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801
rhayes@const-law.com
(Voice)(407) 649-9974
(Fax)(407) 649-9379
*Plaintiff's Counsel*

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801